# NEWTON · BARTH
## ATTORNEYS AT LAW

Talmage E. Newton IV
tnewton@newtonbarth.com

December 3, 2024

**VIA ELECTRONIC MAIL**
ashley.walker@usdoj.gov

Ashley M. Walker
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

    *RE:    United States of America vs. Emmanuel Suarez, Cause No.4:24-MJ-02330-JSD*

Dear Ms. Walker,

    In accordance with Fed.R.Crim.P.16 and 12, as well as the controlling case law concerning discovery, the Court's local rules, and the Order signed by the Magistrate Judge defendant hereby requests the following pretrial disclosure or evidence and information:

1. Any and all written, record or recorded statements made by defendant;

2. Any and all written or recorded statements made by co-defendants and co-conspirators (named and un-named);

3. Any portion of any written record concerning the substance of any relevant oral statements made by the defendant, whether before or after the arrest, in response to interrogation by any person then known to defendant to be a government agents.

4. The substance of any oral statements made by defendant before and after his arrest in response to interrogation by then known-to-be government agent which the prosecution intends to offer in evidence at trial;

5. Recorded grand jury testimony of any defendant relating to the offenses charged;

6. A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705, F.R.Evid., including a description of the witnesses' opinions, the basis and reasons therefore, and the witnesses' qualifications;

    (a)    Disclose the names and complete statements/reports/opinions from any expert witness you intend to call at trial or whose information you will rely on during trial as required under the Federal Rules of Evidence 702, 703 and/or 705.

---

    (b)    Disclose the bases and reasons for any expert witness you intend to call at trial or whose information you will rely on during trial as required under the Federal Rules of Evidence 702, 703 and/or 705.

    (c)    Disclose the qualifications, including a list of all publications authored within the previous ten (10) years for any expert witness who you intend to call at trial or whose information you will rely on during trial as required under the Federal Rules of Evidence 702, 703, and/or 705.

    (d)    Provide a list of all cases for the previous four (4) years, in which any expert witness you intend to call at trial, or whose information you will rely on, has testified as an expert at trial or by deposition as required under the Federal Rules of Evidence 702, 703, and/or 705.

7. Description of any access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained, or belonging to the defendant;

8. The results or reports or physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to the defendant's defense or are intended for use at trial;

9. Disclosure and permission to inspect and copy all information and material known to this prosecutor which may be favorable to defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agrus*, 472 U.S. 97 (1976);

10. Disclosure of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or to other inducements made to the prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959);

11. Disclosure as to which of the co-defendant has entered into an agreement to plead guilty and who will be cooperating witnesses in this case; the agreement that they made with the United States Attorney's Office and the substance of what their testimony be as it concerns the defendant;

12. Provision of the arrest and prior conviction records of defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial;

13. Provision of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:

    a. The identity and existing statements of any confidential informant who may be called upon to testify in this case;

    b. Any and all representatives, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state or local laws;

    c. The precise nature of any monetary consideration offered or promised to said informants, including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents, or cooperating agencies;

    d. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state of federal, or the nature and extent of incarceration or conditions thereof;

    e. Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony; and,

    f. Any record maintained by the government showing the arrest and conviction record of the confidential informant.

14. Disclosure whether the defendant was identified in any lineup, show-up, photo spread or similar identification proceedings, and produce any pictures utilized or resulting there from;

15. Advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the defendant the existence of those rough notes;

16. Advise the defendant, pursuant to Fed.R.Evid. 404(b), within ten days of the prosecutor's intention to introduce such evidence, the basis under which introducing will be supported, and of the general nature of that evidence;

17. Transcribe the grand jury testimony of all witnesses who will testify for the Office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery;

18. Deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. 822 & 823 and 21 C.F.R. 1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample;

19. Permit the defendant, his counsel and any experts selected by the defense to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any y offenses

charged. The prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court;

20. Provide the defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutors' expert as those of defendant;

21. Provide defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the prosecutors' expert as those of defendant;

22. Disclose to the defendant, for inspection, ant and all things, objects, books or records that were seized in this case in order for defendant to determine whether he has the standing to file a motion to suppress.

I know that this list is extensive and I am sure that those items that are most important will be provided as soon as possible and that we can agree on when all of the others should be provided. I would, however, request that your produce "Jencks" and "Giglio" materials for all witnesses you intend to call as witnesses at any motion hearing or trial in this matter within a reasonable time before the court appearance in order to avoid any possible recesses and delays in that hearing, pursuant to Fed.R.Crim.P. 26.2(d).

Thank you, in advance, for your cooperation in this matter.

Very truly yours,

Talmage E. Newton IV