UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-CR-00633-SEP-NCC |
| ANJUAN Q. MOSBY, | ) ) ) |
| Defendant. | ) |

**ORDER CONCERNING PRETRIAL MOTIONS**

Defendant pleaded not guilty to the Indictment on December 16, 2024. At the arraignment, defense counsel moved for additional time to review discovery and to determine whether and/or what pretrial motions ought to be filed on behalf of the defendant. For the reasons stated on the record at the arraignment, the undersigned finds that to deny defendant's motion for such time would deny counsel for the defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting defendant's request outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the time granted to defendant to investigate and prepare pretrial motions, or a waiver thereof, is excluded from computation of the time for a speedy trial.

**IT IS FURTHER ORDERED** that **forthwith** the government shall give notice to the defendant of its intention to use specific evidence at trial pursuant to Rule 12(b)(4)(B), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that pursuant to Rule 16.1(a), no later than fourteen (14) days after the arraignment, the attorney for the government and the defendant's attorney must meet for a discovery conference.  All motions requesting Court action under Fed. R. Crim. P.

16.1(b) must be pursued in a diligent and timely manner. The undersigned will not consider motions requesting Court action under Rule 16.1(b) filed after the pretrial motion deadline.

**IT IS FURTHER ORDERED** that **forthwith** each party may propound to the opposing party, and may file with the Court, any request for pretrial disclosure of evidence or information. Not later than **December 23, 2024,** the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the Court a copy of any such response. To avoid a proliferation of documents, to the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request document or in one response document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that not later than **February 14, 2025,** the parties may file any relevant pretrial motion(s) and the parties shall respond to any such motions not later than **February 28, 2025.**

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party. Any such motion not having such attestation will not be considered or ruled by the Court.

**IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. **Any motion to suppress not containing such specific information or any motion cast in conclusory or**

**conjectural terms will not be heard or considered by the Court.** Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.

**IT IS FURTHER ORDERED** that if the defendant chooses not to file any pretrial motions, counsel for the defendant shall file with the Court, not later than **February 14, 2025,** a notice attesting that there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.

**IT IS FINALLY ORDERED** that a pretrial hearing, including an evidentiary hearing on any pretrial motions, will be set upon further order of the Court. The parties are required to retain all exhibits received into evidence during any hearing in this matter before the undersigned until the time for filing a Notice of Appeal has expired.

This case is assigned for trial to United States District Judge Sarah E. Pitlyk who has instructed that the case will be set for trial upon completion of all pretrial proceedings.

No extension of time of any deadline set in this Order will be granted except upon written motion, made before the expiration of the deadline, and upon good cause shown. <u>Counsel shall indicate in the title of each motion, whether it is the first or second such request.</u>

                                                                 NOELLE C. COLLINS
                                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2024.