UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
v. )   No. S1-4:24CR00633SEP/NCC
)
ANJUAN Q. MOSBY, and )
EMMANUEL SUAREZ, )
)
      Defendants.  )

## FIRST SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that:

On or about November 20, 2024, within the Eastern District of Missouri,

**ANJUAN Q. MOSBY and
EMMANUEL SUAREZ,**

the Defendants herein, aided and abetted by others unknown, did unlawfully and willfully seize,

confine, kidnap, abduct, detain and carry away Michelle Hampton and otherwise hold her for their

financial reward, benefit and gain, and in furtherance of the commission of the kidnapping offense,

used a means, facility, and instrumentality of interstate or foreign commerce, to wit: telephones

and Automated Teller Machines, and which conduct resulted in the death of Michelle Hampton.

In violation of Title 18, United States Code, Sections 120l(a)(I) and 2 and punishable under

Title 18, United States Code, Section 120l(a)(5).

### COUNT TWO

The Grand Jury further charges that:

On or about November 22, 2024, within the Eastern District of Missouri,

**ANJUAN Q. MOSBY,**

the Defendant herein, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm that had traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(l).

## COUNT THREE

The Grand Jury further charges that:

On or about November 25, 2024, within the Eastern District of Missouri,

**EMMANUEL SUAREZ,**

the Defendant herein, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm that had traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(l)

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1201 as set forth in Count One, the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or is derived from proceeds traceable to such property, for offenses charged in Count One.

3. Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922(g)(1) as set forth in Counts Two and Three, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or used in said violation.

4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

### Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

The Grand Jury hereby incorporates by reference and re-alleges the accusations of Counts One through Three of this Superseding Indictment.

I. As to Count One of the Superseding Indictment, defendant **ANJUAN Q. MOSBY:**

   1. Was 18 years of age or older at the time of the offense

   2. Intentionally killed Michelle Hampton (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of Michelle Hampton (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Michelle Hampton died as a result of the fact (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Michelle Hampton died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D);

6. Michell Hampton's death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Kidnapping) (18 U.S.C. § 3592(c)(1)).

7. In the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons, in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

8. Committed the offense as consideration for the receipt, or the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

9. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

10. Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

**II.** As to Count One of the Superseding Indictment, defendant **EMMANUEL SUAREZ:**

1. Was 18 years of age or older at the time of the offense;

2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Michelle Hampton died as a result of the fact (18 U.S.C. § 3591(a)(2)(C));

3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Michelle Hampton died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D);

4. In the commission of the kidnapping offense, the death of Michelle Hampton resulted (18 U.S.C. § 3592(c)(1)).

5. In the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to 1 or more persons, in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

6. Committed the offense as consideration for the receipt, or the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § Section 3592(c)(9));

8. Has been previously convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of 5 or more years may be imposed or has previously been convicted of engaging in a continuing criminal enterprise (18 U.S.C. § 3592(c)(12)); and

9. Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § Section 3592(c)(16)).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
PAUL J. D'AGROSA, #36966MO
Assistant United States Attorney